UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

ALVARO E. GHISAYS,
and other similarly-situated individuals,

    Plaintiff (s),

v.

FLORIDA BEAUTY EXPRESS, INC.
FLORAL LOGISTICS OF MIAMI, INC.
and RALPH MILMAN, individually

    Defendants,
_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ALVARO E. GHISAYS, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants FLORIDA BEAUTY EXPRESS, INC., FLORAL LOGISTICS OF MIAMI, INC., and RALPH MILMAN, individually and alleges:

1. This is an action to recover money damages for unpaid half-time overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff ALVARO E. GHISAYS is a resident of Broward County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendants FLORIDA BEAUTY EXPRESS, INC., and FLORAL LOGISTICS OF MIAMI, INC. are Florida corporations, having their main place of business in

Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto Defendants were and are engaged in interstate commerce.

4. Pursuant to 29 U.S.C. § 203 (r)(1) and pursuant to 29 C.F.R. §791.2, Defendants FLORIDA BEAUTY EXPRESS, INC., and FLORAL LOGISTICS OF MIAMI, INC. are a joint enterprise, and joint employers of Plaintiff.

5. The individual Defendant RALPH MILMAN was and is now, the owner/partner/president/director of FLORIDA BEAUTY EXPRESS, INC., and FLORAL LOGISTICS OF MIAMI, INC. This individual Defendant had control, directed operations of both corporations and he is Plaintiff's employer in the meaning of 29 U.S.C. § 203(d).

## ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendants half-time, and overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), and on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after May 2014, (the "material time") without being properly compensated.

7. Corporate Defendants FLORIDA BEAUTY EXPRESS, INC., and FLORAL LOGISTICS OF MIAMI, INC. are logistic companies providing, warehousing, distribution and transportation of florals, produce, and other goods.

8. Pursuant to 29 U.S.C. § 203 (r)(1), Defendants FLORIDA BEAUTY EXPRESS, INC., and FLORAL LOGISTICS OF MIAMI, INC. were and are now, a joint enterprise because: 1) the two companies have the same or related business activities; 2) the two companies operated out of the same warehouse; 3) the two companies shared facilities, equipment and supplies; 4) FLORIDA BEAUTY EXPRESS, INC., and FLORAL LOGISTICS OF MIAMI, INC., operated as a single unit, and for a common business purpose; 5) Between FLORIDA BEAUTY EXPRESS, INC., and FLORAL LOGISTICS OF MIAMI, INC., existed unified operation and common control because individual Defendant RALPH MILMAN, controlled the day to day operations of the two companies, and they operated as a single unit for a common business purpose; 6) FLORIDA BEAUTY EXPRESS, INC., and FLORAL LOGISTICS OF MIAMI, INC. shared a common business purpose, the profitable operation of both corporations; 7) the two corporations had interdependent financial interest.

9. Pursuant 29 C.F.R. §791.2, FLORIDA BEAUTY EXPRESS, INC., and FLORAL LOGISTICS OF MIAMI, INC., were joint employers because: 1) FLORIDA BEAUTY EXPRESS, INC., and FLORAL LOGISTICS OF MIAMI, INC., through its owner/partner/director RALPH MILMAN had equal and absolute control over the Plaintiff and other employees similarly situated; 2) assigned duties to Plaintiff and other employees similarly situated; 3) FLORIDA BEAUTY EXPRESS, INC., and FLORAL LOGISTICS OF MIAMI, INC., through RALPH MILMAN, their managers, jointly and equally determined terms and employment conditions of Plaintiff and other employees similarly situated; 5) The work of Plaintiff's

simultaneously benefited the two corporations. 6) The work performed by Plaintiff and other similarly situated individuals were an integral part of the business operation of FLORIDA BEAUTY EXPRESS, INC., and FLORAL LOGISTICS OF MIAMI, INC.

10. Therefore, because the work performed by Plaintiff and other similarly-situated individuals, simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants FLORIDA BEAUTY EXPRESS, INC., and FLORAL LOGISTICS OF MIAMI, INC., are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2.

11. Defendants FLORIDA BEAUTY EXPRESS, INC., and FLORAL LOGISTICS OF MIAMI, INC., hereinafter will be called collectively FLORAL LOGISTICS, or corporate Defendant.

12. Defendant FLORAL LOGISTICS employed Plaintiff ALVARO E. GHISAYS, from approximately April 28, 2014 through March 6, 2017, or 149 weeks. However, for FLSA purposes we are going to consider the period between May 19, 2014, through September 30, 2015, or 71 weeks as relevant period of employment. Beginning October 2015, Plaintiff began to receive overtime payment at the rate of time and a half his regular rate.

13. Plaintiff was hired to work as a local driver with a wage rate of $11.00 an hour. Plaintiff overtime rate should be $16.50 an hour.

14. Plaintiff main duty consisted of driving to pick up and delivery flowers locally. To perform his duties, Plaintiff routinely, drove within the same work week, vehicles

weighing greater than 10,000 pounds and other vehicles weighing 10,000 pounds or less.

15. While employed by Defendants, Plaintiff worked more than 40 hours every week period. Plaintiff worked 6 days per week, and he had a very irregular schedule. Plaintiff worked an average of 68 hours per week.

16. However, Plaintiff was not paid for overtime hours. Plaintiff was paid for all his hours at his regular rate of $11.00 an hour.

17. Therefore, Defendant willfully failed to pay Plaintiff overtime at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

18. Plaintiff resign from his position on or about March 6, 2017.

19. Defendants used a time-keeping method. Plaintiff punched in and out, and Defendant should be in possession of time records.

20. Plaintiff ALVARO E. GHISAYS intends to recover unpaid half-time overtime for every hour that he worked in excess of 40 in a week period, liquidated damages, and any other relief as allowable by law.

21. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular or overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**

## WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1) FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

22. Plaintiff ALVARO E. GHISAYS re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

23. This action is brought by Plaintiff and those similarly-situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

24. Pursuant to 29 U.S.C. § 203 (r)(1) and pursuant to 29 C.F.R. §791.2, Defendants FLORIDA BEAUTY EXPRESS, INC., and FLORAL LOGISTICS OF MIAMI, INC., are a joint enterprise, and joint employers of Plaintiff. Defendants will be called collectively FLORAL LOGISTICS.

25. The Employer FLORAL LOGISTICS, at all times pertinent to this Complaint, was engaged in interstate commerce or in the production of goods for commerce, within the meaning of the FLSA, and as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). The Defendant is a logistic company, and through its business activity, affects interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state

lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to their employees. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements. Therefore, there is FLSA enterprise coverage.

26. The Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was a local driver and through his daily activities he regularly, handled, or otherwise worked on goods and/or materials that have been moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

27. Defendant FLORAL LOGISTICS employed Plaintiff ALVARO E. GHISAYS, from approximately April 28, 2014 through March 6, 2017, or 149 weeks. However, for FLSA purposes we are going to consider the period between May 19, 2014, through September 30, 2015, as relevant period of employment. Beginning October 2015, to his last day of employment March 6, 2017, Plaintiff began to receive overtime payment at the rate of time and a half his regular rate.

28. Plaintiff was hired to work as a local driver with a wage rate of $11.00 an hour. Plaintiff overtime rate should be $16.50 an hour.

29. Plaintiff main duty consisted of driving to pick up and delivery flowers locally. To perform his duties, Plaintiff routinely, drove within the same work week, vehicles

weighing greater than 10,000 pounds and other vehicles weighing 10,000 pounds or less.

30. While employed by Defendants, Plaintiff worked more than 40 hours every week period. Plaintiff worked 6 days per week, and he had a very irregular schedule. Plaintiff worked an average of 68 hours per week.

31. However, Plaintiff was not paid for overtime hours. Plaintiff was paid for all his hours at his regular rate of $11.00 an hour.

32. Therefore, Defendant willfully failed to pay Plaintiff overtime at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

33. Defendants used a time-keeping method. Plaintiff punched in and out. The records concerning the number of hours actually worked by Plaintiff ALVARO E. GHISAYS, and all other similarly- situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant.

34. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

* Please note that these amounts are based on a preliminary calculation and that these figures are subjected to modifications as discovery could dictate. Plaintiff has taken an average of hours worked with some paystubs in Plaintiff's possession. After discovery, Plaintiff will properly adjust his calculations.

    a. <u>Total amount of alleged unpaid wages</u>:

        Ten Thousand Nine Hundred Thirty-Four Dollars and 00/100 ($10,934.00)

    b. <u>Calculation of such wages</u>:

       Total weeks of employment: 149 weeks
       Total relevant week of employment: 71
       Total hours worked average: 68 hours weekly
       Total hours paid: 68 average weekly
       Total Overtime hours: 28 hours weekly
       Regular rate: $11.00 an hour x 1.5=$16.50 O/T rate
       O/T rate $16.50 an hour - $11.00 an hour paid= $5.50 half-time difference

       Half-time $5.50 x 28 hours=$154.00 weekly x 71 weeks=$10,934.00

    c. <u>Nature of wages (e.g. overtime or straight time)</u>:

       This amount represents the unpaid half-time overtime.

35. At all times material hereto, the Employer/Defendant FLORAL LOGISTICS failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

36. Defendant FLORAL LOGISTICS knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-

situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

37. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

38. At the times mentioned, individual Defendant RALPH MILMAN was and is now owner/partner/president and director of FLORAL LOGISTICS. Defendant RALPH MILMAN was the employer of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of FLORAL LOGISTICS in relation to its employees, including Plaintiff and others similarly situated. Defendant RALPH MILMAN had financial and operational control of the business, determined Plaintiff's terms and conditions of employment, and he is jointly liable for Plaintiff's damages.

39. Defendants FLORAL LOGISTICS, and RALPH MILMAN willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

40. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff ALVARO E. GHISAYS and those similarly-situated individuals

respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ALVARO E. GHISAYS and other similarly-situated and against the Defendants FLORAL LOGISTICS, and RALPH MILMAN on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid half-time overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ALVARO E. GHISAYS and those similarly-situated demand trial by jury of all issues triable as of right by jury.

Dated: This 19th day of May 2017.

Respectfully submitted,

By: __/s/ Zandro E. Palma__
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*